**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000022**
**21-JUN-2018**
**10:26 AM**

NO. CAAP-18-0000022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PNC BANK, N.A., Plaintiff-Appellee,
v.
HERMA B. MEDINA REYNA, Defendant-Appellant,
and
WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE UNDER THE
GREENWICH INVESTORS XL PASS-THROUGH TRUST
AGREEMENT DATE AS OF MARCH 1, 2012; CAPSTONE
FUNDING GROUP, INC., Defendants-Appellees,
and
DOES 1 through 20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0224(3))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal by Defendant-Appellant Herma B. Medina Reyna (**Appellant**), pro se, because her January 12, 2018 notice of appeal from the Circuit Court of the Second Circuit's July 20, 2017 Judgment[1] is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

The July 20, 2017 Judgment is immediately appealable, pursuant to Hawaii Revised Statutes § 667-51(a)(1).

Appellant extended the thirty-day time limit under HRAP Rule 4(a)(1) for filing a notice of appeal from the July 20, 2017

---

[1] The Honorable Joseph E. Cardoza entered the Judgment.

Judgment when she timely filed her July 26, 2017 "[Appellant's] Non-Hearing Motion for Reconsideration of the Order Granting Plaintiff, PNC Bank, N.A.'s Motion for Summary Judgment."

Pursuant to HRAP Rule 4(a)(3), Appellant had thirty days after entry of the circuit court's December 4, 2017 order denying the July 26, 2017 motion for reconsideration, to file a notice of appeal. Thirty days after the circuit court issued its December 4, 2017 order was January 3, 2018. Appellant did not file her notice of appeal until January 12, 2018. Therefore, the notice of appeal was untimely, under HRAP Rule 4(a)(3).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, this court lacks jurisdiction over the appeal.

Accordingly, IT IS HEREBY ORDERED that Appellate No. CAAP-18-00000022 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 21, 2018.

Chief Judge

Associate Judge

Associate Judge